IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NATHANIEL KEITH STRATTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-262 |
| | § | |
| DOUGLAS R. WOODBURN, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS CIVIL RIGHTS COMPLAINT**

Plaintiff NATHANIEL KEITH STRATTON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and was granted permission to proceed *in forma pauperis*. For the following reasons, plaintiff's civil rights complaint should be DISMISSED WITH PREJUDICE. The claims contained in plaintiff's complaint are BARRED by judicial immunity.

I.
JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1] , malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. §

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F. 3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the defendant.

## II.
## THE LAW AND ANALYSIS

The doctrine of absolute judicial immunity bars this action and requires dismissal as to the sole defendant. Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989). Plaintiff in this suit claims the defendant state court judge unlawfully refused to recuse himself from presiding over the criminal proceedings of plaintiff's underlying criminal case, despite a known conflict of interest, in violation of the plaintiff's due process rights.

The acts complained of (presiding over plaintiff's criminal case and failing to recuse) were judicial in nature. The Fifth Circuit weighs four factors in determining whether an act is "judicial." These factors are as follows:

(1) whether the specific act complained of is a normal judicial function;

---

[2] *Cf. Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

(2) whether the acts occurred in the courtroom or in an appropriate related space, such as the judge's chambers;

(3) whether the controversy centered around a case pending before the court; and

(4) whether the acts arose directly out of a visit to the judge in his official capacity.

*McAlester v. Brown*, 469 F.2d 1280 (5th Cir. 1972). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). Even assuming all facts alleged by plaintiff are true, the defendant's actions in this case of presiding over a criminal proceeding and declining to recuse himself from such criminal proceeding of a case in his jurisdiction, meets all the criteria for judicial acts. It cannot be said that any of these actions were taken in clear absence of jurisdiction.

Although a different legal precedent has been established for state court judges regarding injunctive type relief, plaintiff has sought punitive and compensatory damages and release from custody. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Plaintiff cannot pick and choose which judges in his jurisdiction issue judicial orders in his case. Further, the judicial actions, including conviction of any crime, are covered under the doctrine of judicial immunity and are entirely barred. Plaintiff's lawsuit being barred by immunity, it is subject to dismissal pursuant to Title 28, United States Code, section 1915.

### III.
### FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Douglas R. Woodburn was a state court district judge acting within the scope of his judicial duties, during the relevant times and circumstances outlined by plaintiff's complaint.

2. This defendant is entitled to complete judicial immunity from suit on the allegations contained in plaintiff's complaint, as outlined above.

3. Plaintiff has not sought injunctive relief, and as his case is no longer before the defendant, such relief would not be available.

4. Plaintiff's lawsuit is entirely barred by absolute judicial immunity.

## IV.
## RECOMMENDATION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the Civil Rights Complaint by Nathaniel Keith Stratton filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITH PREJUDICE as this entire suit is barred by absolute judicial immunity.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on July 17, 2019.

*/s/ Lee Ann Reno*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE